### O. P. STEPHENSON v. STATE.

No. A-4735.   Opinion Filed May 7, 1925.
(235 Pac. 1114.)

(Syllabus.)

**Trial—Instruction Erroneous as Shifting Burden of Proof—Unlawful Transportation of Liquor.** Instruction No. 8 relating to the purchase of intoxicating liquor in relation to its illegal transportation held erroneous as shifting the burden of proof to the defendant.

Appeal from County Court, Kiowa County; J. S. Carpenter, Judge.

O. P. Stephenson was convicted of the transportation of intoxicating liquor, and he appeals. Reversed and remanded.

P. K. Morrill and Bass & Carder, for plaintiff in error.

The Attorney General, and Chas. Hill Johns, Asst. Atty. Gen., for the State.

BESSEY, P. J.   O. P. Stephenson, plaintiff in error, for brevity here referred to as the defendant, was by verdict of a jury found guilty of the transportation of intoxicating liquor, to wit, choc beer, with his punishment fixed

at confinement in the county jail for a period of 30 days and a fine of $50.

A certain peace officer and a companion found the defendant by the roadside in a Dodge automobile, which on account of a defective carburetor could not be moved under its own power except in low gear. The defendant was in an intoxicated condition and had with him a quantity of choc beer. He told the officers where he had procured the beer, from which it was inferred that he had transported it to the point where he then was.

At the trial the defendant said his car had stalled at the place where it was found and that he had purchased the choc beer at that point from a passing stranger. There was independent evidence tending to show that the defendant, with others, in a Dodge automobile had been seen in the vicinity of or coming from the place where the defendant told the officer he had procured the beer.

Defendant in this appeal says that since the act of transportation was not shown by specific proof, independent of the declaration that he had purchased it elsewhere, at a place about eight miles distant, the proof on that issue is insufficient. Direct proof of the corpus delicti is not always essential. It may be shown by circumstances. Shires v. State, 2 Okla. Cr. 89, 99 P. 1100; Brown v. State, 9 Okla. Cr. 382, 132 P. 359.

Complaint is made of the instructions to the jury. Without going into detail, we quote instruction No. 8, which defendant claims shifted the burden of proof:

"Gentlemen of the jury, you are further instructed that, if you believe from the evidence that the defendant purchased said intoxicating liquor in controversy in this action at the point where the automobile was stopped in the road, as testified to by the witness, then you will find the defendant not guilty."

In lieu of the foregoing instruction, the defendant offered an instruction which was, in part, as follows:

"The jury are instructed that the defendant claims that the certain liquor in question in this case was purchased by the defendant at a point and place within Kiowa county, Okla., upon the public highway, at which point and place the said automobile of the defendant was incapable of being driven or moved under its own power, and that the liquor in question having been purchased by the defendant at that point and place, * * * and if you have reasonable doubt as to whether or not the said defendant moved or conveyed said liquor from the point of purchase to another point, as charged in the information, you should return a verdict herein finding the defendant not guilty."

That part of the proffered instruction quoted above, or its equivalent, should have been given. The gist of this action was the illegal transportation of the liquor. Instruction No. 8 was erroneous, as shifting to the defendant the burden of proving affirmatively that he did not transport this particular liquor.

The cause is reversed and remanded.

DOYLE and EDWARDS, JJ., concur.